UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

JOHNNY BUNCH ]
    Plaintiff, ]
     ]
v. ]    No. 2:14-0016
     ]    Judge Sharp
CITY OF NASHVILLE, et al. ]
    Defendants. ]

**O R D E R**

The Court has before it a *pro se* complaint (Docket Entry No. 1) brought pursuant to 42 U.S.C. § 1983 and the Racketeer Influenced Corrupt Organizations Act (RICO), and an application to proceed in forma pauperis (Docket Entry No. 2).

The plaintiff is a resident of Celina, Tennessee. It appears from his application that the plaintiff lacks sufficient financial resources from which to pay the fee required for the filing of the complaint. Therefore, the Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a). However, process shall NOT issue.

Because the plaintiff is proceeding as a pauper, the Court is now obliged to review the complaint to determine whether it is malicious, frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2).

According to documents submitted with the complaint, the plaintiff is a registered sex offender. In June, 2013, he was arrested in Davidson County and charged with "failure to timely report upon release after reincarceration". He pled guilty to a lesser misdemeanor and was released

1

from custody.

The plaintiff seeks injunctive relief and damages, claiming that the defendants conspired to have him falsely imprisoned.

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim that the plaintiff has not spelled out in his complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells, *supra*. The plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

In the complaint, the plaintiff states "The Mayor has final policy making authority. I have written the Mayor Karl Dean to oversee or handle this and other great injustis [*sic*] that's been going on with my 4th false imprisonment and he won't respond". Docket Entry No. 1 at pg. 2.

None of the other defendants are mentioned by name or position in the complaint. The plaintiff has neglected to identify the right or privilege that was violated and the role that each defendant played in the alleged violation.[1] As a consequence, the Court finds that the plaintiff has failed to state a claim upon which relief can be granted.

In the absence of an actionable claim, the instant action is hereby DISMISSED. 28 U.S.C. § 1915(e)(2).

---

[1] Apparently, Mayor Dean's only sin is that he failed to respond to the plaintiff's requests for help. Such a failure, though, does not constitute a violation of the plaintiff's rights. *see* Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.

_____
Kevin H. Sharp
United States District Judge